**Gary Dean HOLMES, Carolyn Sue Holmes doing business as Holmes Welding, Debtors–Appellants,**

v.

**SILVER WINGS AVIATION, INC., Creditor–Appellee.**

No. 88–1092.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 1989.

Georg Jensen, Cheyenne, Wyo., for debtors-appellants.

Ronald E. Brodowicz, Rapid City, S.D., and Debra Hecox, Cheyenne, Wyo., for creditor-appellee.

Before McKAY, TACHA, and EBEL, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

The debtor-appellants Gary and Carolyn Holmes appeal from the order of the district court entered on February 11, 1987, which affirmed the decision of the bankruptcy court to award the creditor-appellee Silver Wings Aviation, Inc. attorney's fees as an administrative expense. Because we have determined that the Holmeses lack standing to appeal this matter, we dismiss this appeal.

The Holmeses originally filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Wyoming on March 6, 1986. Silver Wings objected to the confirmation of the Holmeses' Chapter 13 plan on the grounds that the Holmeses undervalued their assets and understated their income. Silver Wings' objection led to the discovery of undisclosed assets and income. As a result of this discovery, the debtors filed an amended

Chapter 13 plan on November 25, 1986, and therein agreed to increase their payments to unsecured creditors from a twenty percent to a seventy percent payout. Silver Wings moved for the award of attorney's fees as an administrative expense pursuant to 11 U.S.C. § 503(b)(3). The bankruptcy court awarded to Silver Wings $750.00 in attorney's fees by an order entered on March 19, 1987. However, the bankruptcy court awarded the fees as a sanction against the Holmeses that had to be paid before the court would confirm the Holmeses Chapter 13 plan. The Holmeses appealed to the district court from this order on March 30, 1987. While the appeal was pending, the Holmeses attempted to pay their creditors in accordance with the seventy percent payout arrangement of the proposed plan. They failed to maintain payments under the amended plan, and the bankruptcy court dismissed the Holmeses Chapter 13 case for this failure by an order dated June 11, 1987, and ultimately entered on July 14, 1987.

The Holmeses filed a new Chapter 13 case on June 22, 1987, in which they proposed to make a forty percent payout to their creditors. The bankruptcy court decided to treat this new case as a continuation of the original case. On July 21, 1987, in denying Silver Wings motion to dismiss the new case, the bankruptcy court retained the award of attorney's fees in favor of Silver Wings but treated the award as an administrative expense. On December 11, 1987, the district court entered an order affirming the bankruptcy court's award of the attorney's fees as an administrative expense. The Holmeses new Chapter 13 plan was eventually confirmed.

■ The presently applicable Bankruptcy Code of 1978, 11 U.S.C. § 101 *et seq.*, does not contain any express limitation on appellate standing. However, a number of courts have held that the former rule of appellate standing embodied in § 39(c) of the Bankruptcy Act of 1898, 11 U.S.C. § 67(c) (repealed 1978), is still applicable to all appeals from proceedings in the bankruptcy courts. *See Kane v. Johns–Manville Corp.*, 843 F.2d 636, 641–42 (2d Cir.

1988); *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir.1987); *In re Sweetwater*, 57 B.R. 743, 746 (D.Utah 1985). Under this standard, the right to appellate review is limited to "persons aggrieved", *i.e.*, to those persons whose rights or interests are "directly and adversely affected pecuniarily" by the decree or order of the bankruptcy court. *See id.; In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 513 (2d Cir.), *cert. denied*, 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985); *In re Fondiller*, 707 F.2d 441, 442–43 (9th Cir.1983). "These decisions reflect the understandable concern that if appellate jurisdiction is not limited, bankruptcy litigation will become mired in endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order." *Kane*, 843 F.2d at 642. We concur with this reasoning and hereby join the aforementioned courts in adopting the "person aggrieved" standard.

■ The Holmeses are not persons aggrieved by the bankruptcy court's decision to award Silver Wings attorney's fees as an administrative expense. The Holmeses' Chapter 13 plan has been confirmed. Silver Wings informs this court that the total amount to be paid by the Holmeses under the latest plan is $13,050.00. After having had the opportunity to respond to this contention, the Holmeses do not dispute this fact. Inasmuch as the Holmeses have agreed to a payout totalling $13,050.00, they make no effective argument as to how they can be aggrieved by its allocation among the payees. They are, apparently, not liable for any further payout. Thus, since they are not directly and adversely affected pecuniarily beyond the extent to which they have already agreed, they have no standing to contest the award of attorney's fees at issue here.

This appeal is DISMISSED. The mandate shall issue forthwith.