936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re Jack J. GRYNBERG & Celeste C. Grynberg, Debtors.
BANCROFT, AVERY and McALISTER, Petitioner-Appellant,
v.
Jack J. GRYNBERG and Celeste C. Grynberg, Respondents-Appellees.
 No. 90-1258.
 United States Court of Appeals, Tenth Circuit.
 June 27, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Bancroft, Avery and McAlister (appellant) appeals from the district court's order denying a motion for pro rata assessment, against debtors, of an award of attorney's fees from a class action judgment entered in state court litigation. Debtors acquired an interest in the class judgment through their settlement with three members of the class. Appellant asserted this motion for assessment of fees "on behalf of all non-settling class members." District court order at 4 (July 3, 1990).
 
 
 3
 The threshold issue presented is whether this court has jurisdiction to consider the merits of this appeal. Federal Rule of Appellate Procedure 3(c) requires that "[t]he notice of appeal shall specify the party or parties taking the appeal." Satisfying the requirements of Rule 3(c) is a jurisdictional prerequisite; failure to do so will result in the dismissal of an appeal for lack of appellate jurisdiction. Torres v. Oakland Scavenger Co., 487 U.S. 312, 314, 317 (1988). Further, the appealing party named in the notice of appeal must be the real party in interest to the appeal. Cf. Concorde Resources, Inc. v. Woosley (In re Woosley), 855 F.2d 687, 687-88 (10th Cir.1988) (appeal of order holding defendant's attorneys, in contempt dismissed for failure to comply with Rule 3(c) where notice of appeal named defendant, rather than defendant's attorneys, as appealing party).
 
 
 4
 The notice of appeal filed in this case identified Bancroft, Avery and McAlister, the attorneys for the class, as the appellant. The district court, however, adopted the bankruptcy court's determination, to which appellant did not object, that the real parties in interest to the motion to assess fees against debtors were the nonsettling class members themselves. Bankruptcy court recommendation at 5. Failure to name these real parties in interest, the class members, in the notice of appeal, therefore, deprives this court of jurisdiction to consider the merits of this appeal. See Torres, 487 U.S. at 314, 317.
 
 
 5
 Appellant itself cannot be deemed a party sufficiently interested in the appeal to be considered a proper appellant. In order to have standing to appeal from bankruptcy proceedings, a party must be a person aggrieved by the order being appealed. Holmes v. Silver Wings Aviation, Inc., 881 F.2d 939, 940 (10th Cir.1989). "Under this standard, the right to appellate review is limited ... to those persons whose rights or interests are 'directly and adversely affected pecuniarily' by the decree or order...." Id. (citations omitted). The district court adopted the bankruptcy court's unchallenged determination that the motion to assess fees against debtors "does not seek to increase in any way the compensation and reimbursement in which the [state] court has previously found Bancroft entitled. Bancroft will receive the same amount whether or not this court approves the present motion." Bankruptcy court recommendation at 4-5. Appellant continues to assert on appeal that it is pursuing this motion on behalf of the class of judgment creditors. Appellant's Brief at 1, 5 n. 5; Appellant's Reply Brief at 2.
 
 
 6
 Appellant asserts that, as "counsel of record and fiduciary for the non-settling ... class members, [appellant] had the standing to act to protect the judgment interests of such class members by bringing this motion." Appellant's Reply Brief at 13. A fiduciary duty owed to a class, however, will not confer standing to assert the interests of that class where the fiduciary does not have standing to appeal in the first place. See Unsecured Creditors Comm. v. Leavitt Structural Tubing Co., 55 Bankr. 710, 711 (N.D.Ill.1985), aff'd, 796 F.2d 477 (7th Cir.1986). Here, appellant lacks standing to assert the interests of the class members on appeal. Cf. Sheftelman v. Standard Metals Corp., 839 F.2d 1383, 1384-86 (10th Cir.1987) (individual bondholder had standing, in bankruptcy court and on appeal, to assert claim alleging lack of notice on behalf of himself and similarly situated bondholders, where individual bondholder shared in alleged injury to putative class).
 
 
 7
 The appeal from the judgment of the United States District Court for the District of Colorado is DISMISSED for lack of appellate jurisdiction. Debtors' motion for sanctions is DENIED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3