992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re BONO DEVELOPMENT, INC., Debtor.
CECO CORPORATION, Plaintiff-Appellee,
v.
UNIFIED CAPITAL CORPORATION; M & J Construction, Inc.;
Bono Development, Inc.; Associated Title Company; Title
Insurance Agency of Utah; Carlson Construction, Inc.;
Waterworks Equipment Company; O'Brien Glass Products; Kay
Langston Construction; Whealan Inc., also known as Whealan
Corp.; Forrest's Concrete Pumping, Inc.; Economy Builders
Supply; Dee Supply, Inc.; Dan R. Fogle Red-E-Mix, Inc.;
Familian Pipe and Supply Company; Scholzen Products, Inc.;
Midgley-Huber, Inc.; Swanson Building Materials, Inc.;
Kirk Mayer; Aspen Personnel Contractors, Inc.; Dura-Crete
Inc.; Lund Machinery Company; Anderson Lumber Company;
Rent-It-Center; Pioneer Door Sales; Bowman & Kemp Steel
and Supply Company; Dover Elevator Company; D & R Olsen
Enterprises; Interwest Nail and Staples; R & M
Consultants, Inc.; Rentmeister and Company Inc.; Pacific
Coast Building Products, Inc.; Guardian Savings & Loan
Association; Empire Staple Company; U.S. Temporaries;
Steve Sales & Service; Cliff Rose Electric; JHR
Development, Defendants-Appellees,
and
The First National Bank of Shreveport, Defendant.
BONO DEVELOPMENT CORPORATION; Unified Capital Corporation;
Steven P. Tetrick; Bonnie L. Tetrick,
Third-Party-Plaintiffs-Appellees,
v.
Steven TETRICK; James J. Keefe; Mercantile Capital
Corporation; Imperial Securities Corporation; Ira McCowan;
Donaldson, Lufkin & Jenrette; James W. Newman, Jr.;
Stubbeman, Mcrae, Sealy, Laughlin & Browder; Travelers
Insurance Company; Mercantile Capital Corporation # 35;
Southwest Capital Corporation; John Nikols; Stephen P.
Bruno; Gary B. Routh; Edwin M. Higley; Mark Higley;
Harold R. Stephens, Third-Party-Defendants-Appellees,
and
J. Kevin Bird, Trustee.
Lynn Jenkins, Claimant-Appellant.
 No. 91-4204.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 
 ORDER AND JUDGMENT
 
 2
 VAN BEBBER, District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Lynn A. Jenkins, "as holder of the stock of BoNo Development Inc., and as joinder in M & J Construction Inc.'s cause of action" appeals from an order denying Jenkins' motions challenging the district court's dismissal order. Defendant First National Bank of Shreveport,[1] joined by several other appellees, moves to dismiss the appeal. We grant the motion.
 
 
 5
 BoNo was the developer of the Pioneer Village Estates. M & J Construction was the original contractor on the project. Following the commencement of actions to foreclose mechanic's liens for work done on the property, BoNo filed a Chapter 11 petition for bankruptcy. The foreclosure actions were removed to the bankruptcy court and consolidated as Adversary Proceeding No. 87PA-0961 in BoNo's bankruptcy case.
 
 
 6
 Numerous cross-claims, counterclaims, and BoNo's third-party action alleging fraud and other claims in connection with the issuance of municipal bonds to finance the project were filed in the adversary proceeding. On July 27, 1989, the district court withdrew its reference of the adversary proceeding to the bankruptcy court pursuant to 28 U.S.C. § 157(d).
 
 
 7
 The bankruptcy court converted the bankruptcy case into a Chapter 7 liquidation proceeding, and a trustee was appointed for the estate. The bankruptcy court authorized sale of the Pioneer Village Estates. The district court granted the motion of certain mechanic's lien claimants to equitably subordinate the claim and lien of Unified Capital Corporation[2] to those of the moving lien claimants. It later determined the validity and priority of other liens, and ordered that they attach to the sale proceeds. It further determined that M & J's lien was junior to the other liens pursuant to Utah Code Ann. § 38-1-10[3] because M & J was the original contractor on the project. The bankruptcy court then approved a settlement as to distribution of the sale proceeds.
 
 
 8
 On September 28, 1990, the district court dismissed three counts in BoNo's third-party complaint with leave to replead certain claims, and provided the trustee until October 22, 1990, to file a notice of appearance in the adversary proceeding. On November 5, 1990, the trustee filed a "nonappearance" and moved for an extension of time to file a notice of appearance, which the district court denied without prejudice. On November 13, 1990, BoNo filed a second amended third-party complaint. The bankruptcy court granted the trustee authority to settle the third-party claim. Pursuant to a settlement agreement, the district court dismissed BoNo's second amended third-party complaint.
 
 
 9
 Jenkins, asserting he was BoNo's sole stockholder and that he had in his possession M & J's lien on the Pioneer Village project, but who was never made a party to the action, filed a "notice of joinder" in BoNo's third-party complaint and M & J's answer, counterclaim, and cross-claim, and moved to set aside the dismissal order. The district court denied the motions, and Jenkins appeals.
 
 
 10
 The motions to dismiss assert that Jenkins lacks standing to appeal because he was not a party of record in the district court, and because he cannot show an actual or threatened injury likely to be redressed by a favorable decision by this court. In a bankruptcy case, "the right to appellate review is limited to 'persons aggrieved,' i.e., to those persons whose rights or interests are 'directly and adversely affected pecuniarily' by the decree or order." Holmes v. Silver Wings Aviation, Inc., 881 F.2d 939, 940 (10th Cir.1989).
 
 
 11
 Jenkins' ownership of BoNo's stock does not give him standing to contest the dismissal of BoNo's third-party complaint. Jenkins could not prosecute the third-party action because a shareholder lacks standing to redress injuries to the corporation in which he holds stock. K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1154 n. 7 (10th Cir.1985). The third-party action was part of BoNo's bankruptcy estate, and the trustee had the right to pursue the claims. Amazing Enters. v. Jobin (In re M & L Business Mach. Co.), 136 B.R. 271, 275 (Bankr.D.Colo.1992).
 
 
 12
 Jenkins cites Gollust v. Mendell, 111 S.Ct. 2173, 2179 (1991), for its holding that an owner of a security has standing to sue. Gollust addressed standing under section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p(b). 111 S.Ct. at 2176. As no claim has been brought under this provision, Gollust is inapplicable.[4]
 
 
 13
 Jenkins argues that he falls within the rule of ANR Ltd. Inc. v. Chattin, 89 B.R. 898 (Bankr.D.Utah 1988). ANR Ltd. held that a claim based on harm primarily to a corporation and only incidentally to a creditor is part of the corporation's bankruptcy estate, while a claim based on harm that is personal to a creditor is not part of the estate. Id. at 902. Although Jenkins is the sole shareholder of BoNo, the injury alleged in the third-party complaint is to BoNo, not Jenkins.
 
 
 14
 Jenkins suggests that the third-party claim is "derivative." A derivative action to enforce a right of a corporation becomes property of the estate upon the corporation's filing of a bankruptcy petition, and the trustee stands in the debtor's shoes in prosecuting the claim. Delgado Oil Co. v. Torres, 785 F.2d 857, 861 n. 11 (10th Cir.1986). Thus, if the claim is derivative, it became property of the estate, and the trustee stood in BoNo's shoes in prosecuting it.
 
 
 15
 Jenkins apparently claims the trustee abandoned the third-party claim under 11 U.S.C. § 108(b)(2) by failing to file a notice of appearance within the time period set forth in the district court's September 28, 1990, order. Section 108(b) provides that if nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes the time period within which the debtor is required to perform certain acts, and the time has not expired before the filing of the petition, the trustee may perform the act within the later of the applicable time period or sixty days after the order for relief. This section is intended to give the trustee, when he steps into the debtor's shoes, an extension of time for taking some action required to preserve the debtor's rights. First Nat'l Bank v. L.H. & A. Realty Co. (In re L.H. & A. Realty Co.), 57 B.R. 265, 268 (Bankr.D.Vt.1986). It does not require the trustee to do anything, and if the trustee chooses not to act, he foregoes the debtor's option or choice. Id. The trustee did not abandon the third-party claim by failing to file a notice of appearance within the time ordered.
 
 
 16
 Jenkins also claims standing based on his alleged possession of M & J's lien. The only issue he raises that arguably relates to any interest of M & J is that the June 24, 1991, dismissal order erroneously provided that the equitable subordination order was no longer effective, resulting in Unified's interest being granted priority over M & J's interest. It is argued in the motion to dismiss that any issue relating to M & J's lien is moot because the property to which the lien attached was sold and the proceeds distributed. We agree. Pursuant to 11 U.S.C. § 363(m), this court could not affect the validity of the sale because the sale was not stayed pending appeal, and no contention is made that the purchaser did not act in good faith. Jenkins has not identified any other way in which a decision by this court could affect his interest in M & J's lien, and we are not required to make this argument for him. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513 (10th Cir.1990).[5]
 
 
 17
 The appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Pursuant to the parties' stipulation, and following the filing of its motion to dismiss, we dismissed the appeal as to First National Bank of Shreveport
 
 
 [2]
 Unified is the bailee and custodian of the fund generated from the sale of the municipal bonds to finance the project
 
 
 [3]
 We assume the district court intended to rely on Utah Code Ann. § 38-1-14, which addresses the priority of a contractor's lien
 
 
 [4]
 The other case on which Jenkins relies, King Fisher Marine Serv., Inc. v. 21st Phoenix Corp., 893 F.2d 1155 (10th Cir.), cert. denied, 496 U.S. 912 (1990), is also inapplicable. The issue in that case was whether settlement of the main claim deprives a district court of discretion to retain an ancillary third-party claim over which it had acquired jurisdiction. Id. at 1172. It does not address the issue in this appeal
 
 
 [5]
 In any event, Jenkins is mistaken that the equitable subordination order applied to M & J's lien. The order only applied to the mechanic's lien claimants identified on page one of the order. M & J is not included in the list