**Filed 8/14/96**

FOR THE TENTH CIRCUIT

In re: JAMES ALLEN ELLIOTT,

    Debtor,

JACK CORNELIUS,

    Appellee,

v.

JAMES ALLEN ELLIOTT,

    Appellant.

No. 95-6395
(D.C. No. CIV-95-1066-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant James Allen Elliott filed a voluntary Chapter 12 bankruptcy petition in the Bankruptcy Court for the Western District of Oklahoma and eventually filed a motion to dismiss his petition. The bankruptcy court dismissed the bankruptcy petition without prejudice, holding that a debtor has an absolute right to dismiss his own bankruptcy proceeding. The bankruptcy court also found insufficient evidence to find bad faith on the part of Mr. Elliott.

The Chapter 12 trustee appealed. On appeal, the district court affirmed the conclusion of the bankruptcy court that a debtor has an absolute right to terminate his own bankruptcy proceeding and further held that the bankruptcy court's finding regarding bad faith was not clearly erroneous.[1] The trustee did not appeal the judgment of the district court, but Mr. Elliott attempts to do so.

In order to have standing to appeal an order of a bankruptcy court, a litigant must show that "he is a 'person aggrieved' by the challenged bankruptcy court order." Lopez v. Behles (In re Am. Ready Mix, Inc.), 14 F.3d 1497, 1500 (10th

---

[1] The district court remanded the case to the bankruptcy court for further findings on contempt motions brought by the trustee which have since been withdrawn.

Cir.), cert. denied, 115 S. Ct. 77 (1994). "That is, only a person 'whose rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court' may appeal." Id. (quoting Holmes v. Silver Wings Aviation, Inc., 881 F.2d 939, 940 (10th Cir. 1989)).

It is clear here that Mr. Elliott is not an "aggrieved person" for purposes of this appeal. He petitioned the bankruptcy court to dismiss his appeal; it did so without prejudice. The bankruptcy court further found that Mr. Elliott had not been guilty of bad faith. Both findings were affirmed by the district court. Mr. Elliott has not been adversely affected, pecuniarily or otherwise, by the actions of the bankruptcy and district courts. He, therefore, may not appeal.

This appeal is dismissed for lack of standing. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge