**In re David R. WILLIAMS, Debtor.**

David R. Williams; Deanna
Williams, Appellants,

v.

Lee Cheves, Appellee.

No. 01–4073.

United States Court of Appeals,
Tenth Circuit.

Oct. 30, 2002.

William Thomas Thurman, Jr., Mona Lyman Burton, McKay, Burton & Thurman, Howard P. Johnson, Salt Lake City, UT, for Appellants.

James C. Swindler, Draper, UT, for Appellee.

Before EBEL, HOLLOWAY and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT*

HOLLOWAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

The court generally disfavors the citation of orders and judgments; nevertheless, an order

mously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

David Williams, the debtor in this bankruptcy action, and his wife Deanna, a creditor of the bankruptcy estate, appeal an award of attorney fees and expenses to creditor Lee Cheves as administrative expenses under 11 U.S.C. § 503(b)(3)(D), (b)(4). The bankruptcy court determined that the fees and expenses were properly awarded as administrative expenses of the estate because Cheves' activities had made a substantial contribution to the case. We exercise jurisdiction over the appeal under 28 U.S.C. §§ 158(d), 1291.

Before turning to the merits of the appeal, we must first address Cheves' contention that Deanna Williams does not have standing to pursue this appeal. This court has adopted the "persons aggrieved" standard for standing to appeal from a bankruptcy court's decision. *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir.1989). Under this standard, appellate standing "is limited to those persons whose rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court." *Id.* (quotation omitted). In other words, "[a] 'person aggrieved' by a bankruptcy order must demonstrate that the order diminishes the person's property, increases the person's burdens, or impairs the person's rights." *In re Andreuccetti*, 975 F.2d 413, 416 (7th Cir.1992) (quotation omitted). "This 'person aggrieved' requirement is more exacting than the requirements for general Article III standing." *Id.*

█ Deanna argues that she has standing because she is a creditor with a large

pecuniary interest in the estate. But she and David have also represented that the estate is solvent, which means that the claims of all the creditors—including Deanna's—will be paid. If Deanna's claims will be paid, then the outcome of this appeal cannot affect her pecuniary interests, and she has not suggested how it will otherwise increase her burdens or affect her rights. Deanna, therefore, has not met her burden of establishing her standing to pursue this appeal, and we must dismiss her appeal.

█ David Williams, on the other hand, does have standing. Although a debtor normally will not qualify as a person aggrieved by an order that affects the administration of the bankruptcy estate, he will qualify as a person aggrieved if "the estate is solvent and excess will eventually go to the debtor." *Weston v. Mann (In re Weston)*, 18 F.3d 860, 863–64 (10th Cir.1994). Awarding Cheves' attorney fees and expenses claims as administrative expenses directly affects the amount of any excess due David as the debtor. Therefore, David Williams has standing to pursue this appeal.

Having determined that at least one appellant has standing to proceed, we turn to the merits of the appeal. David Williams initiated this bankruptcy action in Hawaii as a Chapter 11 proceeding. The Hawaii bankruptcy court later converted the action to a Chapter 7 proceeding and transferred it to Utah. Williams appealed the conversion order to the Ninth Circuit BAP, which affirmed. Cheves then filed the present application with the Utah bankruptcy court to have certain of his attorney fees and expenses awarded as administrative expenses. He contended that he incurred the fees and expenses in making a substantial contribution in a

Chapter 11 case and, therefore, it would be proper to award them as administrative expenses under 11 U.S.C. § 503(b)(3)(D), (b)(4).

In his application, Cheves listed six or more of his activities that he contended made a substantial contribution to the case. Among them were his efforts in getting the case converted from Chapter 11 to Chapter 7 after Williams' refusal to cooperate made it impossible for the Chapter 11 trustee to even identify the assets and liabilities of the estate; his efforts in getting the case transferred to Utah, where it was far easier to administer the estate; and his efforts in defending the conversion order before the Ninth Circuit BAP. Williams did not file any objections to Cheves' application, but at the hearing on the application, Deanna's attorneys raised objections to the application. Because David Williams was then without counsel, Deanna's attorneys advanced their arguments on behalf of both David and Deanna. Because no one has challenged this somewhat unusual procedure, we will consider those arguments as having been made by David Williams for purposes of this appeal.

The thrust of Williams' argument was that Cheves did not meet his burden of establishing a substantial contribution because he did not do anything beyond what could be expected of a typical creditor. In particular, Williams argued that Cheves' efforts did not disclose any additional asset or financial document; that Cheves' only accomplishments were to get the case converted to a Chapter 7 proceeding and transferred to Utah, and any subsequent benefits were the result of efforts by the Chapter 7 trustee; that Cheves could not claim responsibility for the withdrawal of the debtor's turnover motion because he was not the only party who opposed that motion; and that Cheves could not claim

responsibility for the successful defense of the conversion order on appeal because he was not the only appellee to file a brief in that appeal. Williams also objected to the manner in which some of Cheves' attorneys kept their billing records and to the hourly rate one of the attorneys sought. Finally, Williams argued that because Cheves' underlying claim against the estate arose out of a state court judgment that was then on appeal, he might wind up with no claim against the estate and so should not be awarded fees and expenses for participating in the bankruptcy action.

The Utah bankruptcy court granted Cheves' application in its entirety. The bankruptcy court found that Cheves' efforts in obtaining conversion of the case from Chapter 11 to Chapter 7, his efforts in defending the conversion order on appeal before the BAP, and his efforts in obtaining a change of venue from Hawaii to Utah all made a substantial contribution to the Chapter 11 case. The bankruptcy court further found that the amount of fees and costs sought by Cheves was reasonable and that it represented the actual and necessary expenses incurred by Cheves in making a substantial contribution in a case under Chapter 11.

On appeal to the district court, Williams abandoned most of the arguments he raised in the bankruptcy court. The only argument he raised in the bankruptcy court that he also pursued in the district court was that Cheves did not make a substantial contribution because his efforts did not lead to the disclosure or sale of any additional assets. Otherwise, his arguments were entirely new. Cheves argued that the district court should not consider these new arguments. The district court rejected Cheves' argument, but did not directly address any of Williams' arguments in its decision. Instead, the district court conducted its own analysis of the

record and determined that numerous activities by Cheves made a substantial contribution to the Chapter 11 case. The district court therefore affirmed the bankruptcy court's award of administrative expenses.

On appeal to this court, Williams raises exactly the same arguments he raised on appeal to the district court, and Cheves again argues that we should not consider the arguments that were not raised in the bankruptcy court. As a general rule, this court will not consider issues that were not raised in the trial court. *See Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir.1992). Parties are "encouraged to 'give it everything they've got' at the trial level." *Tele–Communications, Inc. v. Comm'r,* 104 F.3d 1229, 1233 (10th Cir. 1997) (quotation omitted). Although the district court chose to overlook Williams' failure to preserve most of his arguments for appeal, that choice does not prevent us from enforcing our general rule. *Cf. Vega v. Suthers,* 195 F.3d 573, 579–80 (10th Cir.1999) (holding that district court's decision to overlook party's failure to file timely objection to magistrate judge's report and recommendation does not prevent us from enforcing our rule that failure to timely object waives appellate review); *United States v. Bryant,* 5 F.3d 474, 476 (10th Cir.1993) (holding that district court's decision to address merits rather than deem argument waived under Fed. R. Crim P. 12(b) does not prevent this court from deeming argument waived). Our review of the record shows that each of the issues Williams now raises could have been raised in the bankruptcy court. Under the circumstances, we see no reason not to enforce our general prohibition on considering arguments not raised to the trial court, with one exception.

One of Williams' new arguments is that, even if Cheves' efforts did make a sub-

stantial contribution to the case, the bankruptcy court erred by including as administrative expenses those attorney fees and expenses that were incurred by Cheves in pursuing his own adversary action. These activities benefitted only Cheves, Williams argues, and therefore did not "result in an actual and demonstrable benefit to the debtor's estate and the creditors," so as to qualify for award as administrative expenses under § 503(b). *Haskins v. United States (In re Lister),* 846 F.2d 55, 57 (10th Cir.1988) (per curiam). "Efforts undertaken by a creditor solely to further his own self-interest ... will not be compensable, notwithstanding any incidental benefit accruing to the bankruptcy estate." *Id.*

Cheves admits that his application included fees and expenses incurred in pursuit of his adversary proceeding. He attempts to downplay this fact by arguing that he left out other fees and expenses that he could have included in his application. "[F]ee applications must stand or fall on their own merits," however. *In re Stoecker,* 128 B.R. 205, 210 (Bankr.N.D.Ill. 1991). That Cheves could have included more fees in his application than he did does not excuse the fact that he cannot be awarded fees and expenses that were incurred in furthering his own interests and not those of the estate or other creditors.

■ A bankruptcy court must carefully scrutinize an application filed under § 503(b)(3) because it is "filed after the services are performed, yet without prior court approval and, sometimes, knowledge." *Id.* at 209 (quotation omitted). "Even if no objections are raised to a fee application, the Court is not bound to award the fees sought, and in fact, has a duty to independently examine the reasonableness of the fees." *Id.* at 210. The bankruptcy court "has wide discretion to determine the appropriate amount of ex-

penses to be awarded under section 503(b)(3)(D)." *In re Lister,* 846 F.2d at 56 (emphasis omitted). But it abuses that discretion when it awards fees and expenses that admittedly benefitted only the creditor seeking the award of administrative expenses, and not the estate or the other creditors. Under the circumstances, it is appropriate to reverse the bankruptcy court's award to the extent it included attorney fees and expenses incurred in pursuit of Cheves' adversary proceeding, despite Williams' failure to raise this objection in the bankruptcy court.

We turn then to the only issue on appeal that Williams did properly preserve in the bankruptcy court: whether Cheves failed to meet his burden of establishing a substantial contribution to the case because he could not point to any additional asset found or sold as a result of his activities. This argument is quickly laid to rest.

 Whether a creditor has made a substantial contribution to a case is a question of fact. *In re 9085 E. Mineral Office Bldg., Ltd.,* 119 B.R. 246, 249 (Bankr. D.Colo.1990). "[S]ervices which substantially contribute to a case are those which foster and enhance, rather than retard or interrupt the progress or reorganization." *Pierson & Gaylen v. Creel & Atwood (In re Consol. Bancshares, Inc.),* 785 F.2d 1249, 1253 (5th Cir.1986) (quotation omitted). While finding additional assets of the estate may be a classic form of making a substantial contribution, it is not the only one. For example, courts have found that efforts to secure the appointment of a Chapter 11 trustee made a substantial contribution. *In re Stoecker,* 128 B.R. at 211; *In re Catalina Spa & R.V. Resort, Ltd.,* 97 B.R. 13, 18 (Bankr.S.D.Cal.1989). Or that efforts to secure a confirmation plan favorable to all the creditors made a substantial contribution. *In re 9085 E. Mineral Office Bldg., Ltd.,* 119 B.R. at 252–53. Cheves'

failure to uncover additional assets or to prompt their sale, then, is not fatal to his ability to establish that he made a substantial contribution. The bankruptcy court found that Cheves' efforts in obtaining the conversion order, in defending it on appeal, and in obtaining the change of venue all amounted to a substantial contribution, and Williams has not properly presented any argument to challenge that finding.

Accordingly, we DISMISS the appeal by Deanna Williams. In the appeal by David Williams, we REVERSE that portion of the administrative expense award that includes attorney fees and expenses incurred by Cheves in pursuit of his adversary proceeding, and we REMAND the matter for the bankruptcy court to recalculate the appropriate amount of the award; in all other respects, we AFFIRM.