**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

JENNIFER GAYLE POTTER,

   Debtor.

---

DONALD E. ARMSTRONG,

   Plaintiff-Appellant,

v.

JENNIFER GAYLE POTTER,

   Defendant-Appellee.

No. 02-4220
(BAP No. UT-01-027)
(BAP)

---

**ORDER AND JUDGMENT** *

---

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal requires us to determine whether the Bankruptcy Appellate Panel (BAP) correctly dismissed Donald E. Armstrong's appeal from an order of the bankruptcy court for lack of standing and whether the BAP was similarly correct to affirm the bankruptcy court's order denying Armstrong's motion to recuse. After our review of the record, the relevant law, and the submissions of the parties, we dismiss this appeal for lack of jurisdiction.

Armstrong obtained a judgment in a Utah state court against appellee Jennifer Potter. After Potter filed for Chapter 7 bankruptcy relief, Armstrong brought an adversary proceeding in Potter's Chapter 7 case seeking a determination that the debt owed his estate by Potter was nondischargeable. [1] Shortly after filing the adversary proceeding, Armstrong also filed a motion to recuse the bankruptcy court judge, which was eventually denied.

On July 11, 2000, the bankruptcy court conducted a pretrial conference in the adversary proceeding at which Armstrong appeared pro se. The court then issued a scheduling order in which the parties were directed to file a proposed

---

[1]     Our review of this case has been hampered by the extremely limited record filed by Armstrong. Because Armstrong had filed his personal Chapter 11 proceeding before filing the adversary proceeding in Potter's bankruptcy case, we assume that he brought the action in Potter's case on behalf of his bankruptcy estate and as debtor-in-possession of that estate.

-2-

pretrial order by March 6, 2001, and to appear for a final pretrial conference on March 20, 2001. Armstrong was served with the order which specified, in bold type, that "[f]ailure of plaintiff(s)'s counsel to timely file a stipulated pretrial order, or a proposed pretrial order and an explanation as to the failure to stipulate, as described above, shall, unless the court grants relief for cause shown, result in the dismissal of the adversary proceeding." Aplee. Br. at 2.

After the scheduling order was issued, but before the deadline for filing the pretrial order, Kenneth Rushton was appointed trustee in Armstrong's bankruptcy case. When neither Rushton, Armstrong, nor counsel for Potter filed a pretrial order, and no one appeared at the March 20, 2001, pretrial conference, the bankruptcy court dismissed the adversary proceeding as it had warned it might.

Armstrong filed a timely motion to reconsider, to which Rushton responded. [2] Without ruling on the motion to reconsider, the bankruptcy court, on May 3, 2001, issued a written order dismissing the adversary proceeding. Armstrong timely appealed to the BAP.

On May 29, 2001, the Honorable Judith A. Boulden, presiding in Armstrong's Chapter 11 personal bankruptcy case, approved the sale of the Potter claim from Armstrong's bankruptcy estate to Armstrong personally.

---

[2] The motion is not in the record on appeal to this court. Thus, it is unclear in what capacity Armstrong filed his motion to reconsider.

On March 27, 2002, the BAP entered a remand order for the limited purpose of giving the bankruptcy court the opportunity to rule on Armstrong's motion to reconsider the dismissal of the adversary proceeding. On June 5, 2002, the bankruptcy court denied the motion to reconsider.

In addressing the order dismissing the adversary proceeding, the BAP first analyzed the issue of Armstrong's standing to bring the appeal and concluded that, because he was not a "person aggrieved" by the dismissal order, he did not have standing and thus the BAP did not have jurisdiction to hear the appeal. We review this matter de novo, *Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995), and agree.

The Bankruptcy Code does not delineate any contours to appellate standing. *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989). This circuit, however, has joined other courts in adopting the "person aggrieved" standard under which the right to appellate review of a bankruptcy court order is limited to "those persons whose rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court." *Id.* (internal quotes omitted). Armstrong is a "person aggrieved" only if the order appealed from "diminishes [his] property, increases [his] burdens, or impairs [his] rights." *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1500 (10th Cir. 1994).

Even before Armstrong can achieve status as a "person aggrieved," however, he must have attended a bankruptcy court proceeding and objected to the dismissal. *See Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994) (characterizing such attendance and objection as a "prerequisite" for being a person aggrieved). Because, after he purchased the Potter claim, he did not appear in the bankruptcy court or object to the dismissal of the adversary proceeding, Armstrong *qua* Armstrong has not met the prerequisite for aggrieved party status.

Here it is important to focus on the three different legal personae with which Armstrong was robed during the different phases of this case. When he filed the adversary proceeding and when he attended the July 11, 2000, pretrial conference, Armstrong did so as the debtor-in-possession of his own Chapter 11 estate. Armstrong's estate was the plaintiff in the adversary proceeding and a potential creditor of the Potter estate. Armstrong, as debtor-in-possession, represented his estate and had standing. After September 18, 2000, when Rushton was appointed trustee of Armstrong's bankruptcy estate, Armstrong was the debtor-out-of-possession in his case and no longer had standing to pursue his estate's claim against Potter. *See Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (noting that "[a] trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed"); *see also*

-5-

Fed. R. Bankr. P. 2012(a) (providing "[i]f a trustee is appointed in a chapter 11 case . . ., the trustee is substituted automatically for the debtor in possession as a party in any pending action, proceeding or matter"). When, on May 29, 2001, Armstrong's purchase of the Potter claim from his bankruptcy estate was approved by his Chapter 11 bankruptcy court, Armstrong *qua* Armstrong, individually and without any legal trappings arising from his own Chapter 11 debtor status, became a simple creditor in Potter's bankruptcy.

It was at this point, when Armstrong himself was a simple creditor in Potter's bankruptcy, and while the motion to reconsider the bankruptcy court's dismissal of the adversary proceeding was still pending in that court, that Armstrong should have appeared in the case and objected to the dismissal of the adversary proceeding. Although, as a creditor of the Potter estate, he could have availed himself of the right to be heard as provided in 11 U.S.C. § 1109(b), there is no evidence in the record that Armstrong did so. *See Starzynski v. Sequoia Forest Indus.*, 72 F.3d 816, 821 (10th Cir. 1995) (noting that an individual creditor, with leave of the bankruptcy court, may initiate actions when the debtor-in-possession–or here the trustee–has failed to do so). Nor, as the BAP noted, did Armstrong seek to intervene in the adversary proceeding once he had purchased the Potter claim or attempt to substitute himself, individually,

-6-

as plaintiff. [3] Thus, because Armstrong did not appear individually in the bankruptcy court and object to the dismissal as required by *Weston*, 18 F.3d at 860, he did not meet the initial prerequisite for aggrieved-party status. He, therefore, does not have standing to bring the appeal, and neither the BAP nor this court has jurisdiction to consider it.

With regard to the motion to recuse, the BAP assumed for purposes of its decision that Armstrong had standing to appeal from the order denying recusal. We see no difference between Armstrong's lack of standing to appeal the dismissal order and his status regarding the recusal matter. Armstrong lacks standing to appeal from anything relative to the adversary proceeding.

This appeal is DISMISSED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

_____

[3] We agree with the BAP majority that to construe Armstrong's motion to reconsider as a motion to intervene requires too much speculation and legal sleight of hand.