14 F.3d 1497
 25 Bankr.Ct.Dec. 326, Bankr. L. Rep. P 75,754
 In re AMERICAN READY MIX, INC., Debtor,
and
Albuquerque Sand & Gravel, Inc., d/b/a American Sand &
Gravel, Inc., Debtor.
Andrew Leo LOPEZ, Appellant,
v.
Daniel J. BEHLES, Trustee, Appellee.
In re AMERICAN READY MIX, INC., Debtor,
and
Albuquerque Sand & Gravel, Inc., d/b/a American Sand &
Gravel, Inc., Debtor.
Andrew Leo LOPEZ, Appellant,
v.
Daniel J. BEHLES, Trustee, Appellee.
 Nos. 93-2042, 93-2141.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 2, 1994.
 
 Andrew Leo Lopez, pro se.
 Karen A. Hasselstrom of Behles & Associates, Albuquerque, New Mexico, for Appellee in case No. 93-2042.
 George Moore Moore of Behles & Associates, Albuquerque, New Mexico, for Appellee in case No. 93-2141.
 Before TACHA and KELLY, Circuit Judges, and BROWN,* District Judge.
 TACHA, Circuit Judge.
 
 
 1
 Appellant Andrew Leo Lopez, representing himself, appeals from three orders of the district court affirming three orders of the bankruptcy court. The parties addressed the two issues in No. 93-2042 in two sets of briefs, one set for each issue. To keep the issues separate, we will refer to them as "No. 93-2042A" and "No. 93-2042B." In No. 93-2042A, Mr. Lopez challenges a bankruptcy court order that denied his motion to recuse or disqualify the bankruptcy judge pursuant to Rule 5004 of the Bankruptcy Code and 28 U.S.C. Sec. 455(a) and (b)(1). R., Doc. 1, attachment A. In No. 93-2042B, Mr. Lopez challenges a bankruptcy court order that lifted the automatic stay as to Val & Sons, Inc. and Valentin and Marjorie Trujillo, so that Val & Sons could foreclose on its mortgage on certain real property belonging to the American Ready Mix estate. Id., attachment B. In No. 93-2141, Mr. Lopez challenges a bankruptcy court order that authorized the payment of fees to the accountant for the Chapter 7 trustee. Because we conclude that we lack jurisdiction over these appeals, we dismiss. Construing the appeal in No. 93-2042A as a petition for a writ of mandamus, we deny relief.[1]
 
 JURISDICTION
 
 2
 It is well-settled that this court has an independent duty to inquire into its jurisdiction over a dispute, even where neither party contests it and the parties are prepared to concede it. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). As the appellant, it was Mr. Lopez's duty to establish and include in each opening brief a statement of this court's jurisdiction to consider his appeals. Fed.R.App.P. 28(a)(2).
 
 1. Finality--No. 93-2042A
 
 3
 In No. 93-2042A, Mr. Lopez appeals from an order of the bankruptcy court denying his motion to recuse or disqualify the bankruptcy judge. An order denying a motion to recuse or disqualify a judge is interlocutory, not final, and is not immediately appealable. See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993)[2] (noting that most circuit courts recognize "necessity and propriety of interlocutory review of disqualification issues"). Mandamus is an appropriate means of reviewing a judge's refusal to disqualify him- or herself, however. Id.; see also Frates v. Weinshienk, 882 F.2d 1502, 1503-04 (10th Cir.1989), cert. denied, 494 U.S. 1004, 110 S.Ct. 1297, 108 L.Ed.2d 474 (1990). Even if we construe the appeal as a petition for mandamus, Mr. Lopez nevertheless has failed to demonstrate his entitlement to relief. A threshold question is whether Mr. Lopez has standing to challenge the bankruptcy judge's refusal to recuse himself. The question of standing is also common to the orders appealed from in Nos. 93-2042B and 93-2141.2. Standing
 
 
 4
 The Bankruptcy Code of 1978, 11 U.S.C. Sec. 101 et seq., does not contain an explicit grant or limitation on appellate standing. Relying on pre-Code law, however, a number of courts, including this one, Holmes v. Silver Wings Aviation, Inc., 881 F.2d 939, 940 (10th Cir.1989), have adopted a standard that requires an appellant to show that he is a "person aggrieved" by the challenged bankruptcy court order. That is, only a person "whose rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court" may appeal. Id. at 940 (citing Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442-43 (9th Cir.1983) (internal quotations and other citations omitted). "Litigants are 'persons aggrieved' if the order [appealed from] diminishes their property, increases their burdens, or impairs their rights." GMAC v. Dykes (In re Dykes), 10 F.3d 184, 187 (3d Cir. Nov. 30, 1993) (citing Fondiller, 707 F.2d at 442). The "person aggrieved" test is meant to be a limitation on appellate standing in order to avoid "endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order." Holmes, 881 F.2d at 940.
 
 
 5
 If there is a dispute in the relevant facts, the issue of an appellant's standing should be remanded to the district court. In re Dykes, 10 F.3d at 187. If there is no dispute in the relevant facts, the circuit court may go ahead and decide the issue. Id. We conclude, as we explain below, that Mr. Lopez did not allege sufficient facts in No. 93-2042B, or No. 93-2141 either to raise a fact question for remand or to establish jurisdiction and, therefore, these appeals are dismissed for lack of standing.
 
 
 6
 Mr. Lopez asserts he has standing to appeal from all three bankruptcy court orders on the basis he is a creditor of the estates. The parties dispute whether Mr. Lopez is a creditor. Mr. Lopez, an accountant with a business degree, became, post-petition, a professional employee of the debtor companies pursuant to 11 U.S.C. Sec. 327 and the approval of the bankruptcy court. Addendum to Appellant's Br. on Standing, Docs. 1 and 2. Because Mr. Lopez's claim against the estates is post-petition,[3] technically, he is not a creditor. See 11 U.S.C.A. Sec. 101(10). However, whether or not Mr. Lopez is a creditor misses the point.
 
 
 7
 To have standing to appeal, Mr. Lopez must demonstrate he has a direct and adverse pecuniary interest in each order he challenges. See International Trade Admin. v. Rensselaer Polytechnic Inst., 936 F.2d 744, 746-48 (2d Cir.1991) (holding that bank with secured interest in lease which was subject of bankruptcy court order had standing to challenge that order); Brady v. Andrew (In re Commercial W. Fin. Corp.), 761 F.2d 1329, 1334-35 (9th Cir.1985) (holding that, where bankruptcy plan eliminated the interests of certain investors, the investors had standing to appeal from order confirming that plan); Salomon v. Logan (In re International Envtl. Dynamics, Inc.), 718 F.2d 322, 326 (9th Cir.1983) (holding that claimant who sought part of limited funds had standing to appeal from order disposing of those funds); cf. Pignato v. Dein Host, Inc. (In re Dein Host, Inc.), 835 F.2d 402, 404-07 (1st Cir.1987) (holding that, where direct injury caused by bankruptcy court order was to corporation, corporate officer who was harmed only indirectly as shareholder lacked standing to appeal).
 
 
 8
 In No. 93-2042A, Mr. Lopez challenges a bankruptcy court order in which the judge refused to recuse. Mr. Lopez does not cite, nor have we found, any cases that clearly support his assertion of standing to challenge this order. Arguably, though, he can show a direct and adverse pecuniary interest in this order, because one effect of the bankruptcy judge's refusal to recuse was to leave in place an order converting the proceeding from Chapter 11 to Chapter 7, and the conversion effectively terminated Mr. Lopez's employment with the debtors. Assuming Mr. Lopez has standing, he has failed to demonstrate his entitlement to relief.
 
 
 9
 The denial of a motion to recuse is reviewed for an abuse of discretion. Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir.1987). Under Sec. 455, a judge should recuse if "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Id. at 939. However, "factual allegations do not have to be taken as true," and "[t]here is as much obligation for a judge not to recuse when there is no occasion ... to do so as there is ... to [recuse] when there is." Id. "A judge should not recuse ... on unsupported, irrational, or highly tenuous speculation." Id.
 
 
 10
 Mr. Lopez asserts that the bankruptcy judge was biased against him because, at a hearing on the motion for conversion from Chapter 11 to Chapter 7, opposing counsel offered into evidence a letter from Mr. Lopez to the State of New Mexico in which Mr. Lopez accused the State of having caused the death of the debtors' chief accountant by accusing him of failing to file tax returns for the debtors. After reading the letter, Mr. Lopez says, the bankruptcy judge started ruling against him. Mr. Lopez adds that opposing counsel offered the offending letter again at a later hearing. Except that it is clear that the judge's subsequent decisions were adverse to Mr. Lopez, however, Mr. Lopez's argument that the judge was biased is unsupported in fact. In addition, and as the district judge correctly pointed out, an allegation of personal bias must be based on an "extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). Adverse rulings alone are insufficient grounds for disqualification, Green v. Dorrell, 969 F.2d 915, 919 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993), as is evidence that the judge criticized or was angry with a party, United States v. Troxell, 887 F.2d 830, 833-34 (7th Cir.1989). Therefore, the bankruptcy judge did not abuse his discretion by refusing to recuse himself.
 
 
 11
 To obtain mandamus relief, Mr. Lopez must demonstrate a " 'clear and indisputable' " right to relief. Will v. United States, 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967) (quoting Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953)). Because we conclude the bankruptcy judge did not abuse his discretion in refusing to recuse himself, it follows that Mr. Lopez cannot meet the higher mandamus standard.
 
 
 12
 Mr. Lopez lacks standing to challenge the orders appealed from in Nos. 93-2042B and 93-2141. In No. 93-2042B, Mr. Lopez challenges a bankruptcy court order that lifted the automatic stay as to Val & Sons so that it could foreclose on its mortgage on the debtors' building. Although Mr. Lopez apparently has an indirect interest in the challenged order because any disposition of estate assets presumably affects the eventual payment or nonpayment of his administrative claim, Mr. Lopez asserts no interest in the building which was subject to foreclosure due to the bankruptcy court's order lifting the automatic stay. Therefore, he has failed to assert a direct and adverse pecuniary interest in the order appealed from in No. 93-2042B, and has failed to establish standing.
 
 
 13
 It is also true that the automatic stay is for the sole benefit of the debtors' estate. Tilley v. Vucurevich (In re Pecan Groves of Ariz.), 951 F.2d 242, 245 (9th Cir.1991). The trustee may challenge an order lifting the stay, but it could subvert the trustee's powers to allow a creditor to appeal if the trustee chooses not to. Id. Here, the trustee stipulated to lifting the stay in the first place.
 
 
 14
 In No. 93-2141, Mr. Lopez appeals from an order granting fees to the Chapter 7 trustee's accountant. As indicated above, although Mr. Lopez apparently has an indirect interest in any order disposing of the debtors' funds, he asserts no direct interest in the actual funds distributed by the challenged order. Cf. In re International Envtl. Dynamics, Inc., 718 F.2d at 326 (claimant sought portion of funds disposed of by challenged order). That is, if paying the Chapter 7 accountant means that Mr. Lopez will not get paid, or if not paying the Chapter 7 accountant means that Mr. Lopez will get paid, Mr. Lopez has failed to demonstrate how either is true. Therefore, Mr. Lopez has failed to establish standing to appeal in No. 93-2141.
 
 
 15
 In addition, Mr. Lopez argues that he has standing to appeal pursuant to 11 U.S.C. Sec. 1109(b). Through Bankr.R. 2018, Sec. 1109(b) "expands the right to be heard [in a Chapter 11 proceeding] to a wider class than those who qualify under the 'person aggrieved' standard." International Trade Admin., 936 F.2d at 747. Section 1109(b) says nothing about a party's standing to appeal. The cases cited by Mr. Lopez, because they do not concern standing to appeal, are unhelpful to his position.
 
 
 16
 Mr. Lopez also argues he should be allowed to intervene pursuant to Fed.R.Civ.P. 24(a)(2) because no party has objected to his intervention so far, or, in the alternative, that he can intervene as a matter of right because the trustee and the debtor-in-possession are in collusion and have not adequately represented the creditors' interest. Parties may not consent to jurisdiction, however, no matter how that consent is phrased. See Bender, 475 U.S. at 541, 106 S.Ct. at 1331. Mr. Lopez's asserted right to intervene is insufficient; he still must have standing to appeal. In re Pecan Groves, 951 F.2d at 245.
 
 
 17
 To the extent Mr. Lopez attempts, in No. 93-2042A, to raise the issue of the magistrate judge's disqualification, he neither points out, nor have we found, where this issue was raised before the district court. Therefore, the issue is not properly before this court and we will not address it. Dais-Naid, Inc. v. Phoenix Resource Cos. (In re Texas Int'l Corp.), 974 F.2d 1246, 1247 n. 3 (10th Cir.1992) (circuit court does not ordinarily consider issues raised for first time on appeal).
 
 
 18
 Appellant's motion to reject appellee's answer brief is DENIED.
 
 
 19
 These appeals are DISMISSED, and the petition for writ of mandamus is DENIED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument
 
 
 [2]
 In bankruptcy proceedings, an order is final and appealable when it disposes of a " 'particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition.' " Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.), 956 F.2d 935, 938-39 (10th Cir.1992) (quoting Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.), 893 F.2d 264, 266 (10th Cir.1990))
 
 
 [3]
 Mr. Lopez apparently does have an administrative claim against the estates