## UNITED STATES COURT OF APPEALS

**Filed 12/13/96**

## TENTH CIRCUIT

---

RONALD DEAN LOWE,

     Plaintiff - Appellant,

v.

WESLEY GIBSON; RUST EDDY,

     Defendants - Appellees.

No. 96-6217
(D.C. No. 96-CV-729-L)
(Western District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **KELLY** and **LUCERO**, Circuit Judges.

---

Plaintiff, a state prisoner, filed this 42 U.S.C. § 1983 action alleging a denial of adequate medical care when he was a pretrial detainee. He named as defendants two employees of the Oklahoma Indigent Defense System (OIDS): Rust Eddy, an OIDS investigator, and Wesley Gibson, an OIDS attorney. Plaintiff alleges that he never received medical and neurological exams that were

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prescribed in Eddy's presence. The magistrate judge recommended dismissing the complaint as frivolous, pursuant to 28 U.S.C. § 1915, because plaintiff failed to allege that defendants had any duty to monitor plaintiff's medical care or were otherwise involved in the purported denial of care. The district court adopted the magistrate judge's report and recommendation. We review the § 1915 dismissal for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). We affirm.

Plaintiff claims the district court erred by: (1) denying his recusal motion; (2) failing to construe his complaint liberally; (3) dismissing his case before the complaint had been amended or served; and (4) ruling that he failed to state a nonfrivolous claim. Plaintiff's recusal motion asked the district and magistrate judges to whom his case had been assigned to recuse themselves on account of their previous denial of his habeas petition. The motion alleged that the district and magistrate judges "deliberately and maliciously confused" the record in another proceeding so as to deny him habeas relief. R. doc. 7 at 1.

We find no abuse of discretion, Nichols v. Alley, 71 F.3d 347, 350 (10th Cir. 1995), in the denial of the recusal motion. A judge's prior rulings rarely provide valid grounds for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994); see also Lopez v. Behles (In re American Ready Mix, Inc.), 14 F.3d 1497, 1501 (10th Cir. 1994) ("Adverse rulings alone are insufficient grounds for

disqualification."). Prior rulings or opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. Nothing in the record suggests that the district or magistrate judge displayed such favoritism or antagonism. Plaintiff's allegations of bias are unsupported. See In re American Ready Mix, Inc., 14 F.3d at 1501 ("A judge should not recuse . . . on unsupported, irrational, or highly tenuous speculation." (quotation omitted)).

We also reject plaintiff's remaining arguments. It is well settled that 28 U.S.C. § 1915 authorizes the dismissal of a complaint filed in forma pauperis if the action is frivolous. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). Such dismissals frequently occur before the complaint has been served on defendants. Id. A frivolous complaint is one based on an "indisputably meritless legal theory" or "clearly baseless" facts. Id. at 327.

Even liberally construing plaintiff's complaint, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), it is evident that his claim against the OIDS employees for inadequate medical care lacks an arguable legal basis. We affirm the § 1915 dismissal substantially for the reasons stated by the magistrate judge and adopted by the district court.

AFFIRMED.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge