UNITED STATES COURT OF APPEALS

**Filed 12/20/96**

FOR THE TENTH CIRCUIT

---

In re:  RAYMOND L. WOODCOCK,

Debtor.

_____

RAYMOND L. WOODCOCK,

Plaintiff-Appellant,

v.

CHEMICAL BANK; NYSHESC, as
servicing agent for Chemical Bank;
COLUMBIA UNIVERSITY; and
UNIVERSITY ACCOUNTING
SERVICE, as servicing agent for
Columbia University,

Defendants-Appellees.

No.  96-1177
(D.C. No. 96-K-401)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]      Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code and later brought an adversary proceeding to determine the dischargability of student loans under 11 U.S.C. § 523(a)(8).[1]  This court affirmed the lower courts' denial of discharge for undue hardship under § 523(a)(8)(B), but reversed and remanded for a determination of whether there had been any applicable suspensions of the student loan repayment period within the meaning of § 523(a)(8)(A).  Woodcock v. Chemical Bank (In re Woodcock), 45 F.3d 363, 368 (10th Cir.), cert. denied, 116 S. Ct. 97 (1995).  Upon remand by the district court, the bankruptcy court entered summary judgment in part and denied summary judgment in part for debtor.  Debtor appealed to the district court.  The district court denied debtor's motion for a change of venue to Maine, his current residence.  After debtor failed to appear for a prebriefing conference, the district court dismissed the appeal for lack of prosecution.  On appeal, debtor argues (1) the district court erred in dismissing the appeal because he failed to appear at the prebriefing conference; (2) the district court erred in denying his motion for a change of venue; (3) the district court was biased; (4) this court should enter a decision on the remanded

_____

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  This case is therefore ordered submitted without oral argument.

question of applicable suspensions under § 523(a)(8)(A); and (5) the question of discharge for undue hardship under § 523(a)(8)(B) should be reopened.

Debtor argues the district court erred in dismissing his appeal for failure to prosecute after he failed to attend a prebriefing conference. Debtor believes the district court improperly required him to attend the conference for the purpose of narrowing the issues on appeal when this court had remanded on a particular question, and that issue had been fully briefed. Debtor further notes that review and refinement of the designation of the record was unnecessary because the record had already been filed. Debtor maintains the only possible purpose of the conference was to discuss settlement. Debtor states that he could have participated in the conference by telephone, since appellees were permitted to have someone with decision making authority available by telephone during the conference, even though appellees' counsel was required to be present.

The district court dismissed for failure to prosecute based upon debtor's failure to follow the court's rules and the order of the magistrate judge. See Bankr. R. 8001(a). We review the dismissal for failure to prosecute for an abuse of discretion. Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

This court has held that before choosing the extreme sanction of dismissal with prejudice, the district court should consider the degree of actual prejudice to the other party, the amount of interference with the judicial process, the

-3-

culpability of the litigant, whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance, and the efficacy of lesser sanctions. See Jones v. Thompson, 996 F.2d 261, 265 (10th Cir. 1993); Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992); see also In re Scheri, 51 F.3d 71, 75-76 (7th Cir. 1995)(requiring district court to explain basis for dismissal of bankruptcy appeal when debtor failed to file brief); Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.), 45 F.3d 70, 72, 74 (4th Cir. 1995)(before dismissing bankruptcy appeal under Rule 8001(a) for failure to file timely statement of issues on appeal, district court must do at least one of the following: find bad faith or negligence, give appellant notice or opportunity to explain delay, consider prejudicial effect on other parties, or consider impact of sanction and available alternatives; proper application of this test normally requires district court to actually exercise its discretion and consider and balance all factors); Jewelcor Inc. v. Asia Commercial Co., 11 F.3d 394, 397 (3d Cir. 1993)(district court must consider less severe sanctions before dismissing bankruptcy appeal for failure to prosecute); Brake v. Tavormina (In re Beverly Mfg. Corp.), 778 F.2d 666, 667-68 (11th Cir. 1985)(requiring district court to determine whether there was bad faith, negligence or indifference justifying dismissal of bankruptcy appeal for failure of debtor to timely file briefs). Here, the district court dismissed without making findings regarding the factors set out in Jones and

Ehrenhaus.  The district court's failure to evaluate and weigh the relevant factors prevents meaningful review.  See Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994).  The district court has the power to dismiss a case with prejudice, but it may do so only upon an evaluation of the Jones/Ehrenhaus factors on the record.  In order to afford the district court that opportunity, we reverse and remand for further proceedings by the district court.  We suggest no outcome. We hold only that the present state of the record does not permit an informed decision of whether the district court considered relevant criteria in dismissing the case and whether the dismissal was within the discretion of the district court.  See id.

Debtor also argues the district court erred in failing to grant his motion for a change of venue.  Debtor concedes the venue and prebriefing conference issues are interrelated.  Considering all the circumstances of the case, Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986), we review the denial of a change of venue for an abuse of discretion, Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).  In this case, plaintiff initially chose the forum.  At this late date in the proceedings, the district court is familiar with the background of the case, and the interests of justice therefore weigh in favor of retaining jurisdiction in Colorado despite any inconvenience to debtor.  See Coffey, 796 F.2d at 221 (interests of justice relate to efficient functioning of court, not concerns of

litigants).  We conclude the district court did not abuse its discretion in denying debtor a change of venue.

Debtor argues that events occurring before and after remand suggest the lower courts were biased.  To support the argument, debtor points to the bankruptcy court's refusal to consider certain evidence, the district court's first decision against him, the district court's denials of his motions for change of venue,[2] and the district court's mailing of copies of orders to the wrong address even though his correct address was on record with the district court, precluding him from timely appealing the denials of change of venue.  He also indicated that he had had previous extrajudicial contact with the district court judge that apparently the judge did not enjoy.  Judicial rulings rarely constitute valid grounds for disqualification for bias or partiality.  Liteky v. United States, 510 U.S. 540, 555 (1994).  Opinions formed by judges based on facts or events occurring during current or prior proceedings do not show bias "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.  Nothing here suggests such deep-seated favoritism or antagonism.  Debtor's bias arguments are based on speculation and wholly unsupported.  See Lopez v. Behles (In re American Ready Mix, Inc.), 14 F.3d

---

[2]     Debtor had filed a motion for change of venue to Pennsylvania after this case was remanded to the district court, but before the district court remanded to the bankruptcy court.

1497, 1501 (10th Cir. 1994). Appeals from the orders denying the motions for change of venue, before final disposition of the case, would have been premature. Cf. Houston Fearless Corp. v. Teter, 318 F.2d 822 (10th Cir. 1963)(considering interlocutory appeal of denial of motion for change of venue under 28 U.S.C. § 1292(b)). We conclude debtor's bias argument is without merit.[3]

We do not consider any of debtor's arguments on the merits and leave those matters to the district court, should it need to reach them. We decline to reopen the question of undue hardship under § 523(a)(8)(B). See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)(generally courts refuse to reopen decisions, and do so only in extraordinary circumstances where initial decision was clearly erroneous and would be manifest injustice not to reopen); Stifel, Nicolaus & Co. v. Woolsey & Co., 81 F.3d 1540, 1543 (10th Cir. 1996)(when court decides rule of law that decision generally governs same issue in later stages of same case, citing Arizona v. California, 460 U.S. 605, 618 (1983)).

---

[3]    Debtor also criticizes the assignment of his case as improper under Colo. R. 40.1E. We perceive no error in the assignment of the case.

REVERSED and REMANDED for further proceedings. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge