**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

COLORADO MOUNTAIN
CELLARS, INC., a Colorado
corporation,

      Debtor.

---

GARY C. FLYNN,

      Appellant,

v.

THOMAS J. FINCH,

      Appellee.

No. 97-1211
(D.C. No. 97-K-474)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellant Gary C. Flynn appeals the district court's order dismissing his appeal of a bankruptcy order for lack of standing. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm in part and reverse in part.

## I. Background

### A. The Bankruptcy Proceedings

Colorado Mountain Cellars filed a Chapter 11 voluntary bankruptcy petition in 1989, later converted to an involuntary liquidation, at which time a trustee was appointed. The estate's only assets were litigation claims, including one against Thomas Husband. In 1990, the trustee appointed appellee Thomas J. Finch as special litigation counsel to pursue state law claims on behalf of the estate against Mr. Husband. See 11 U.S.C. § 327(a) (authorizing the trustee, with the court's approval, to employ attorneys to represent or assist the trustee in carrying out the trustee's duties). Mr. Finch's compensation was originally approved by the bankruptcy court as a contingency fee of fifty percent of the amount recovered. The Husband litigation became increasingly complex, however, and in 1991, after Mr. Finch had obtained a jury verdict in favor of the estate, the trustee appointed

Mr. Flynn as special counsel under § 327 to assist Mr. Finch with the post-trial aspects of the litigation. Mr. Finch's compensation agreement was modified to give Mr. Flynn twenty percent of Mr. Finch's fifty percent contingency fee; that is, Mr. Finch would receive a forty percent contingency fee and Mr. Flynn would receive a ten percent contingency fee.

Mr. Finch was subsequently required to be a fact witness in certain post-trial Husband proceedings, and, therefore, the trustee asked Mr. Finch to withdraw and directed Mr. Flynn to proceed as sole counsel. The Husband litigation was settled in 1995 after numerous post-trial proceedings, including two motions to amend the judgment, an appeal, two petitions for rehearing and a petition for certiorari. See Husband v. Colorado Mountain Cellars, Inc., 867 P.2d 57 (Colo. App. 1993). The $74,000 settlement from the litigation was sufficient to pay off all the unsecured creditors.

Mr. Finch and Mr. Flynn then filed applications for approval of their fees. The trustee filed an objection to Mr. Finch's application, asserting any compensation to Mr. Finch should be disallowed because he failed to disclose that he had received pre-petition preferential transfers of two judgment liens from Colorado Mountain Cellars within a year of the bankruptcy. See 11 U.S.C. § 328(c) (allowing court to deny allowance of compensation for professional who is not disinterested or holds an interest adverse to the estate). According

to the trustee, Mr. Finch misled the trustee about the value of these liens when Mr. Husband sought to force the trustee to bring a preference action against Mr. Finch and refused to disgorge to the estate $32,000 that he had collected on the liens.

Mr. Flynn's fee application requested an increase of his fee from the agreed-upon ten percent contingency fee to a forty percent continency fee. See 11 U.S.C. § 328(a) (allowing court to modify approved compensation "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions"). Mr. Flynn argued the agreed-upon compensation was based on the assumption he would be merely assisting Mr. Finch as co-counsel, and did not fairly compensate him for the time and effort he spent as sole counsel in a very protracted and complex litigation matter. His application indicated that he spent over 1,000 hours on the Husband litigation, and that even if his compensation was increased to a forty percent contingency fee, his compensation would equal a rate of only twenty-seven dollars an hour. Mr. Flynn's fee application stated that the trustee agreed he should receive a forty percent contingency fee. Mr. Flynn filed a separate motion objecting to Mr. Finch's fee application, contending that the application should be denied because of Mr. Finch's preferential pre-petition transfers and conflicts of interest.

The bankruptcy court issued a single order resolving all three motions. The court denied the trustee's and Mr. Flynn's objections to Mr. Finch's fee application and awarded Mr. Finch his full compensation. The bankruptcy court concluded that Mr. Finch prosecuted the Husband litigation through trial, obtained a verdict in favor of the estate and, therefore, performed the services for which he had been hired. The bankruptcy court also concluded that Mr. Finch's alleged pre-petition transfers and conflicts of interest with the estate did not place him in a conflict of interest with respect to his prosecution of the Husband litigation. The bankruptcy court also denied Mr. Flynn's request for an increased fee award, allowing him only the agreed-upon ten percent contingency fee. The bankruptcy court noted that there had been no effort prior to the final conclusion of the Husband litigation to modify the terms of the contingency fee agreement. The court concluded that the contingency fee agreement was reasonable at the time it was originally authorized and at the time of its ruling on the fee applications. The trustee did not appeal the bankruptcy court's order; Mr. Flynn did.

B. <u>The District Court Proceedings</u>

Mr. Flynn appealed the bankruptcy court's order, arguing that the bankruptcy court erred both in granting Mr. Finch's compensation and in denying his requested increase in compensation. Mr. Finch moved to dismiss the appeal,

contending that Mr. Flynn lacked standing to challenge the bankruptcy court's order. Mr. Finch argued that even if Mr. Flynn's compensation was increased, he would merely be entitled to an enhanced administrative claim against the bankruptcy estate, not a claim against any portion of Mr. Finch's fee award. Mr. Flynn argued he had standing because his fee application and Mr. Finch's fee application compete for differing shares of the same contingency fee pool of funds, and thus his pecuniary interests are directly and adversely affected by the order granting Mr. Finch's compensation. The district court summarily dismissed Mr. Flynn's appeal for lack of standing.

## II. Analysis

"As a general matter, in a Chapter 7 proceeding, the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals." Richman v. First Woman's Bank (In re Richman), 104 F.3d 654, 657 (4th Cir. 1997); see also 11 U.S.C. § 323 (the trustee is the representative of the debtor's estate and has the capacity to sue and be sued). In order to have standing to appeal an order of a bankruptcy court, a litigant must show that "he is a 'person aggrieved' by the challenged bankruptcy court order." Lopez v. Behles (In re American Ready Mix, Inc.), 14 F.3d 1497, 1500 (10th Cir. 1994). "That is, only a person 'whose rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court' may appeal." Id. (quoting Holmes

v. Silver Wings Aviation, Inc., 881 F.2d 939, 940 (10th Cir. 1989). "'Litigants are "persons aggrieved" if the order [appealed from] diminishes their property, increases their burdens, or impairs their rights.'" Id. (quoting GMAC v. Dykes (In re Dykes), 10 F.3d 184, 187 (3d Cir. 1993). "The 'person aggrieved' test is meant to be a limitation on appellate standing in order to avoid 'endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order.'" Id. "The standing requirement is more stringent in bankruptcy appeals than the 'case or controversy' standing requirement of Article III." Nintendo Co. v. Patten (In re Alpex Computer Corp.), 71 F.3d 353, 357 n.6 (10th Cir. 1995) (quotation omitted).

"To have standing to appeal, Mr. [Flynn] must demonstrate he has a direct and adverse pecuniary interest in each order he challenges." In re American Ready Mix, 14 F.3d at 1500. We agree with the district court's conclusion that Mr. Flynn lacks standing to challenge that portion of the order granting fees to Mr. Finch because he has no direct interest in the actual funds distributed by that portion of the order. See id. at 1501. Mr. Flynn seeks to appeal the bankruptcy court's decision not to deny Mr. Finch compensation under § 328(c). The denial of compensation under § 328 is, in essence, an imposition of sanctions. See Gray v. English, 30 F.3d 1319, 1324 (10th Cir. 1994) (indicating that, in the absence of actual injury or prejudice to the debtor's estate, the "sanction" of denial of

compensation under § 328(c) should not be rigidly applied). The court's decision not to impose sanctions on Mr. Finch does not aggrieve Mr. Flynn. We note that Mr. Flynn cites no authority, nor do we find any, for the proposition that an administrative claimant has standing to appeal a bankruptcy court's decision not to impose sanctions upon another administrative claimant.

Mr. Flynn relies on Salomon v. Logan (In re International Envtl. Dynamics, Inc., 718 F.2d 322 (9th Cir. 1983), which held that "in a case involving competing claims to a limited fund, a claimant has standing to appeal an order disposing of assets from which the claimant seeks to be paid." Id. at 326. Mr. Flynn points to the bankruptcy court's description of his fee as part of a "pool of funds," which, if gone "makes it, if not unlikely, at least difficult for Mr. Flynn to be paid properly if this Court . . . ultimately determines that he is ultimately entitled to a greater share of the contingent fee that was awarded." Appellant's App., ex. 2, at 5. However, the bankruptcy court's comment, made in the context of a stay request, was not a finding that the contingency fee agreement represented a finite common pool of funds. There is nothing in the record to indicate that the bankruptcy court could not have modified the original contingency fee agreement to allow total fees in excess of the fifty percent contingency fee. "[T]he court's power [to modify a compensation agreement under § 328] includes the power to increase as well as decrease the agreed-upon compensation." In re Western

Monetary Consultants, Inc., 143 B.R. 780, 782 (Bankr. D.Colo. 1992) (quotations omitted). The court's statement was undoubtedly a mere shorthand description of the two issues: whether Mr. Finch was entitled to full compensation; and whether Mr. Flynn should receive increased compensation.

Here, unlike the facts in In re International Envtl. Dynamics, 718 F.2d at 324, Mr. Finch and Mr. Flynn are not competing for undifferentiated portions of a common fund. Rather, the bankruptcy court authorized an agreement to pay Mr. Finch a forty percent contingency fee and to pay Mr. Flynn a ten percent contingency fee. Thus, Mr. Flynn's entitlement under § 328(a) to any increased compensation is legally unrelated to whether Mr. Finch is entitled to his requested fees. If the bankruptcy court did disallow any fee to Mr. Finch under § 328(c), that money would not go to Mr. Flynn, but rather to the bankruptcy estate. Likewise, deciding not to sanction Mr. Finch does not mean that Mr. Flynn is not entitled to an increased fee under § 328(a). We find no basis for concluding that payment of full compensation to Mr. Finch would legally preclude payment of increased compensation to Mr. Flynn from the estate. Thus, as was the case in In re American Ready Mix, Mr. Flynn has failed to demonstrate that he has a sufficiently direct and adverse pecuniary interest in the bankruptcy court's order granting another professional's application for compensation to have standing to appeal from the order. See 14 F.3d at 1501.

However, the district court erred in dismissing Mr. Flynn's appeal of the bankruptcy court's order denying his request for increased compensation under § 328(a). Mr. Finch contends Mr. Flynn has waived his right to appeal the denial of his § 328(a) motion because his only asserted basis for enhanced compensation is that Mr. Finch is not entitled to his compensation. We disagree. Mr. Flynn's designation of the issues on appeal before the district court clearly included his contentions that the bankruptcy court erred in not awarding him increased fees as "improvident," see 11 U.S.C. § 328(a), in light of the unanticipated amount of responsibility he was required to accept, and the time he was required to spend, in prosecuting the Husband litigation. Appellant's Supp. App., doc. 6, at 4-6. Further, the magistrate judge, to whom this matter had been referred by the district court, determined that one of the issues on appeal was whether the bankruptcy court abused its discretion in finding, under § 328, that Mr. Flynn was not entitled to enhanced fees in excess of the approved ten percent contingency fee, and whether the bankruptcy court denied Mr. Flynn due process by denying his fee request without an evidentiary hearing. Id. doc. 9, at 2. Although Mr. Flynn has made the argument that he is entitled to appeal the award of full compensation to Mr. Finch because his claim for increased compensation directly competes for the same pool of contingency fee funds, we do not find that Mr.

-10-

Flynn, in making this argument, ever waived his right to appeal the bankruptcy court's denial of his § 328 motion for enhanced fees.[1]

In summary, we agree with the district court that Mr. Flynn lacks standing to appeal the portion of the order granting full compensation to Mr. Finch, but conclude the district court erred in dismissing Mr. Flynn's appeal from the bankruptcy court's denial of his request for enhanced fees as permitted by § 328(a).  Accordingly, the judgment of the United States District Court for theDistrict of Colorado is AFFIRMED in part, and REVERSED in part and REMANDED for further proceedings.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]     We find no merit in Mr. Finch's contentions that Mr. Flynn's appeal should be dismissed because of his failure to appear at a district court hearing--he arrived ten minutes after its conclusion, having earlier called the court to say he would be delayed due to a flat tire--or because he failed to appeal an earlier dismissal of the case--the district court granted his motion for reconsideration of that dismissal. Likewise, we find no merit to Mr. Finch's contention that, because this court denied Mr. Flynn's request for a stay of the disbursement of funds to Mr. Finch, Mr. Flynn's appeal is now moot because the judgment funds have now been paid. Mr. Finch represented to this court in his opposition to Mr. Flynn's stay request that, as an attorney and officer of the court, he would respond to an order of disgorgement if necessary.