**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EUGENIA PARHAM,

      Plaintiff-Appellant,

v.

COMMUNITY COLLEGE OF
AURORA, Staff and employees of the
Humanities and Fine Arts Division and
the Business and Professional Studies
Division; NEVA GRONERT,
Department Chair; MICHELE AMON,
Department Chair; SUE WALDHEIM,
Administrative Assistant; RON ROSS,
Personnel Director; RICHARD
TUBBS, Resigned; TOM BROSH,
Dean; LES MOROYE, Dean; CHRIS
PADILLA,

      Defendants-Appellees.

No. 99-1496
(D.C. No. 99-M-1594)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HENRY**, and **LUCERO**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Eugenia Parham, proceeding pro se, appeals from the magistrate judge's order denying her motion for recusal in her underlying discrimination suit, and seeks an emergency stay pending appeal of the district court's scheduling conference, set for November 5, 1999. Although we construe appellant's pro se pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), this court has a duty to examine its own jurisdiction in the first instance. *See Maier v. United States Envtl. Protection Agency*, 114 F.3d 1032, 1036 (10th Cir. 1997). Because we conclude that the magistrate judge's denial of appellant's recusal motion is not a final, appealable order, we must dismiss this appeal for lack of jurisdiction.

The denial of appellant's recusal motion is not final for at least two reasons. First, a magistrate judge's orders are not directly appealable to the court of appeals, absent consent of the parties. *See Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164-65 (10th Cir. 1986). Second, because denials of motions to recuse may be challenged by petition for a writ of mandamus, *see Lopez v. Behles (In re American Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir. 1994), they are not appealable. *See Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994) (mandamus is not a substitute for appeal). Accordingly, this appeal is dismissed for lack of jurisdiction, and appellant's motion for stay is dismissed as moot. *See Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756-57

(10th Cir. 1993) (appellate jurisdiction is a prerequisite for consideration of a stay pending appeal).

In the alternative, we may construe appellant's notice of appeal as a petition for a writ of mandamus. *See Boughton v. Cotter Corp.*, 10 F.3d 746, 750-51 (10th Cir. 1993). After consideration of appellant's request for relief from the district court 's upcoming scheduling conference, we deny the petition for mandamus. Appellant has not demonstrated that the district court has either exceeded its jurisdiction or abused its discretion in denying the motion for recusal. *See Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 153 (10th Cir. 1995).

This appeal is DISMISSED. The emergency motion for stay is DISMISSED AS MOOT. The petition for mandamus is DENIED.

ENTERED FOR THE COURT
PER CURIAM