Judith Gail Dein, United States Magistrate Judge
I. Preliminary Statement
This matter is before this Court on the Motion of Official Committee of Unsecured Creditors for Leave to be Heard *264 and/or to Intervene Under Bankruptcy Code Section 1109(b) and/or Bankruptcy Rule 7024 (Dkt. No. 63[2] ) (the "Motion"). Plaintiffs Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, National Public Finance Guarantee Corporation (collectively, "Plaintiffs") filed an opposition thereto (Dkt. No. 71). The Financial Oversight and Management Board, the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and, in her official capacity, the Hon. Natalie A. Jaresko (collectively, "Defendants") filed a response (Dkt. No. 72).
On September 22, 2017, the First Circuit issued its decision in Assured Guaranty Corp. v. The Financial Oversight and Management Board for Puerto Rico, as Representative for the Commonwealth of Puerto Rico, 872 F.3d 57 (1st Cir. 2017) (" Assured"), reversing the denial of a motion to intervene in another adversary proceeding initiated pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). In light of the Assured decision, this Court ordered supplemental briefing on the Motion (Dkt. No. 74). Accordingly, the Official Committee of Unsecured Creditors of all Title III Debtors besides COFINA (the "Committee" or "UCC") filed a supplemental brief (Dkt. No. 75) (the "Supplemental Brief"), further defining its proposed intervention, Defendants filed a response (Dkt. No. 77) ("Defendants' Response"), and Plaintiffs filed a response (Dkt. No. 78) ("Plaintiffs' Response"). On October 24, 2017, the Committee filed an urgent motion requesting that oral argument on the Motion be set for November 15, 2017 (Dkt. No. 82) (the "Hearing Motion").
This Court recognizes the Committee's request for a hearing on the Motion. Nevertheless, having reviewed the extensive briefing submitted by the parties, this Court has determined that oral argument is not necessary. This Court hereby DENIES the Hearing Motion and GRANTS the Motion to the limited extent set forth below.
II. The Committee's Right To Intervene
Federal Rule of Civil Procedure 24(a)(1) governs intervention as a matter of right, and dictates that "the court must permit anyone to intervene who ... is given an unconditional right to intervene by statute."[3] Pursuant to 11 U.S.C. § 1109(b), a provision of the Bankruptcy Code that was expressly incorporated by PROMESA, "[a] party in interest, including ... a creditors' committee ... may raise and may appear and be heard on any issue in a case under this chapter." In Assured, the Court held that Section 1109(b) grants the UCC an "unconditional right to intervene" within the meaning of Federal Rule of Civil Procedure 24(a)(1), to the extent that, inter alia, the UCC has "standing to appear and be heard on any particular issue in the adversary proceeding." Assured, 872 F.3d at 59, 64 n.7. In light of this holding, all parties recognize that the UCC has some right to intervene in this adversary proceeding,[4] although they raise some issues concerning the *265 scope of such intervention. See Plaintiffs' Response at 4 ("The Court should exercise its discretion to limit the Committee's participation as necessary..."); Defendants' Response at 4 ("the Committee should be restricted" to specified parameters). These concerns will be addressed herein.
III. Rule 24(c) Pleading Requirement
Federal Rule of Civil Procedure 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The "purpose of requiring an intervenor to file a pleading is to place the other parties on notice of the position, claim, and relief sought by the intervenor." WJA Realty P'ship v. Nelson, 708 F.Supp. 1268, 1272 (S.D. Fla. 1989). Plaintiffs contend that the Committee should be required to comply with Rule 24(c)"to put the other parties on notice of its claims and defenses." Plaintiffs' Response at 4. This argument is not persuasive.
As an initial matter, the First Circuit "eschew[s] overly technical readings of Rule 24(c)...." Peaje Invs. LLC v. Garcia-Padilla, 845 F.3d 505, 515 (1st Cir. 2017). This Court has discretion to allow a motion to intervene filed without an accompanying pleading where its absence is not prejudicial to a party. Assured, 872 F.3d at 65. Furthermore, a Rule 24(c) pleading is even less critical where, as here, the Committee is seeking to intervene to assert its rights under Section 1109(b), and does not assert ownership of a claim or defense. See In re Adelphia Commc'ns Corp., 285 B.R. 848, 856 n.18 (Bankr. S.D.N.Y. 2002) ("... where the Committees were not claiming ownership of one or more causes of action in their own name ... and were intervening merely to vindicate their rights under section 1109(b), this Court did not regard their failure to submit a proposed pleading as a bar to their intervention.").
In the instant case, the UCC has provided this Court and the parties sufficient notice of its interests so as to render an additional Rule 24(c) pleading unnecessary. See United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 834 (8th Cir. 2009) ("we conclude that the statement of interest satisfies Rule 24(c) because it provides sufficient notice to the court and the parties of MIEC's interests."). For example, but without limitation, the UCC has made it clear that it is seeking to have more funds available for unsecured, as opposed to secured, creditors, and that funds should not be "diverted away" from the Debtors. Supplemental Brief ¶¶ 4, 9. Moreover, the UCC has asserted that it is seeking to intervene because it "cannot satisfy [its] statutory supervisory and oversight obligations from a distance, and section 1109(b) of the Bankruptcy Code is one of the tools created by Congress through which the Committee may exercise its watchdog functions." Motion ¶ 3. The UCC's position on specific issues that may arise during the course of this proceeding can be developed in the specific pleadings it files. For present purposes, no additional description of the UCC's interest in this adversary proceeding is necessary.
IV. Standing
"The Plaintiffs are not presently challenging the Committee's Constitutional standing to appear in this case generally, but [Plaintiffs argue that] the Committee still must demonstrate that it has standing on each claim and issue it seeks to address." Plaintiffs' Response at 2. Similarly, the Defendants caution that while the UCC "has section 1109(b) standing as a party in interest to appear and be heard, it lacks constitutional and prudential standing of a party to control any of the issues."
*266 Defendants' Response at 4. However, the UCC's intervention is limited to its rights under Section 1109(b), and it has not requested, and is not being permitted, to intervene to control any of the issues. If the UCC seeks to exceed the scope of its permissible intervention, the opposing parties may raise their objections at the appropriate time. For present purposes, however, the UCC has standing to intervene. See In re Applied Theory Corp., 493 F.3d 82, 85-86 (2d Cir. 2007) (the UCC was authorized under § 1109(b) to raise, appear and be heard on any issue, although it was not authorized to assert a claim absent a direct interest).
V. Limitation Analysis
The fact that "the [Committee] is entitled to participate in the district court proceedings does not, of course, dictate the scope of that participation." Assured, 872 F.3d at 64 (citing Adelphia Commc'ns Corp. v. Rigas, 285 B.R. at 848 ). This Court has the discretion to tailor intervention as needed to ensure the rights of the respective parties and the efficiency of the litigation. "[C]ourts are not faced with an all-or-nothing choice between grant or denial: Rule 24 also provides for limited-in-scope intervention." U.S. v. City of Detroit, 712 F.3d 925, 931 (6th Cir. 2013). Intervention of right, whether obtained, as here, through Section 1109(b) or more generally through Rule 24, "may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." Fed. R. Civ. P. 24, advisory committee's note, 1966 amendment. Moreover, "a distinction can be drawn between the right to intervene in an adversary proceeding, to which [the Committee is] plainly entitled, and the right to take ownership of the debtor's claims in that adversary proceeding." In re Smart World Techs., LLC, 423 F.3d 166, 182 (2nd Cir. 2005). Finally, "[l]imited intervention is particularly appropriate [where] ... getting all interested parties to the table promotes an effective and fair solution, but preventing an expansion of the scope is necessary to keep control of the case." City of Detroit, 712 F.3d at 932. As the First Circuit explained in Assured, "[t]hese competing concerns are particularly poignant in the present case, which represents the largest proceeding to restructure debt in the history of the American municipal bond market." Assured, 872 F.3d at 64 (internal quotation omitted). Bearing in mind these considerations, this Court modifies the scope of the Committee's proposed intervention as follows.
a. Discovery
i. Right to Receive Discovery
The Committee requests to receive "all discovery taken to date ... within seven (7) calendar days of the date of this Order" and all future discovery "within seven (7) calendar days of the production of discovery, or the production of the transcript of a deposition, as the case may be, subject to execution of any relevant protective order." Proposed Order ¶ 2. As no party opposes this proposal, and since the ability to receive and review discovery is consistent with the Committee's role under Section 1109(b) as well as its obligation to monitor the proceedings, it will be allowed.
ii. Depositions
The Committee asks to attend any depositions subsequently taken in the Adversary Proceeding. Proposed Order ¶ 2. No party opposes this request and this Court finds that the ability to attend depositions, like the ability to receive and review discovery, is consistent with the Committee's *267 role under Section 1109(b). See Adelphia, 285 B.R. at 850-51. This request will be allowed.
iii. Right to Propound Discovery
The Committee proposes that it "shall not have the right to propound discovery requests, nor shall the Committee have the right to examine witnesses during depositions, hearings, or trial. Counsel for the Defendants shall use reasonable efforts to confer with counsel for the Committee in advance of depositions, hearings, or trial, and shall allow counsel for the Committee an opportunity to suggest questions and arguments in advance of such depositions, hearings or trial." Proposed Order ¶ 3. As no party opposes this request, it is allowed.
b. Right to File Briefs and Argue
The Committee requests to be able to "file briefs stating its position on issues raised in the Adversary Proceeding, and, subject to such notice or other requirements as the Court may impose ... be heard at arguments concerning issues raised in the Adversary Proceeding." Proposed Order ¶ 4. Plaintiffs propose an instruction making clear that "the Committee may not raise new claims or issues in the Adversary Proceeding." Plaintiffs' Response, Proposed Order, Dkt. No. 781. The right to intervene under Section 1109(b) is not coextensive with the right to control claims in the proceeding. In re Smart World Tech., LLC, 423 F.3d at 182. Therefore, the Committee shall be limited in its briefing to the issues already raised by the existing parties. See Assured, 872 F.3d at 64 (citing Fund for Animals, Inc. v. Norton, 322 F.3d 728, 737 n.11 (D.C. Cir. 2003) ). The Committee, in its capacity as an intervenor, also lacks the ability to appeal any issue decided in this case. See Lopez v. Behles (In re American Ready Mix, Inc.), 14 F.3d 1497, 1502 (10th Cir. 1994).
Plaintiffs ask that "[t]o the extent the Committee wishes to submit a brief in support of Defendants on a particular issue, the Committee and Defendants must confer to ensure that unnecessary redundancy in briefing does not occur, and Plaintiffs shall be entitled to submit a brief as long as the combined page count of the Committee's and Defendants' briefs together." Plaintiffs' Response, Proposed Order ¶ 5. This Court has already set certain requirements for extensive consultation between parties and for briefing guidelines in both the Third Amended Notice, Case Management and Administrative Procedures (No. 17-BK-3283, Dkt. No. 1512-1) and the Standing Order issued September 15, 2017 (No. 17-mc-00506-JGD, Dkt. No. 1). This Court finds no reason, at this time, to further limit briefing procedures in this case.
Additionally, and as the Committee suggests, the right to be heard at argument will be subject to requirements that this Court may impose. As a result, the Committee shall move for leave from this Court prior to appearing at a particular argument. Plaintiffs request that when speaking in favor of the Defendants, "the time allocated to the Committee shall count against the total time allocated to Defendants, and Plaintiffs shall be permitted to speak for as long as the Committee and Defendants combined." Plaintiffs' Response, Proposed Order ¶ 6. Plaintiffs are entitled to move for such an instruction when the Committee moves to appear at oral argument. The Court, at this time, finds no reason to modify Defendants' allotted argument time. Defendants, as controllers of issues and claims in this case, should not be deprived of time to argue absent good cause.
*268 c. Right to Settle or Appeal Settlement
The Committee, in its Motion, admits that it should "not have the right to control, appeal or settle causes of action ...." Motion ¶ 8 (emphasis in original). However, in its Proposed Order, the Committee suggests that the ruling of this Court be "without prejudice to any rights of the Committee to object to any settlement of the Adversary Proceeding, nor shall this Order restrict the Committee's standing, if any, to file appeals (including as an objector) relating to any settlement ...." Proposed Order ¶ 5. This request is too broad and shall be stricken. As the First Circuit recognized, any intervening party "cannot preclude other parties from settling their own disputes." Assured, 872 F.3d at 64 (internal quotation omitted). See also Smart World, 423 F.3d at 183 (intervenor under Section 1109(b) does not have authority to bring a motion to settle or compromise a claim). The fact that the UCC is permitted to intervene under Section 1109(b) does not expand its authority over settlements or appeals. Without prejudice to any other rights the Committee holds, the Committee shall not be able to settle, oppose settlement, or appeal settlement of any cause of action in this case based on its status as an intervenor.
VI. Conclusion
In accordance with the above, it is hereby ORDERED that:
1. The Committee is not required to file a Rule 24(c) pleading in this adversary proceeding.
2. The Committee shall be permitted to raise, appear and be heard in this adversary proceeding, pursuant to Section 1109(b).
3. Producing parties shall make all discovery taken to date available to the Committee within seven (7) calendar days of this order. Further discovery must be made available within seven (7) days of the production of discovery, or the production of the transcript of a deposition, subject to execution of any relevant protective order. Counsel to the Committee shall be entitled to attend any deposition(s) subsequently taken in connection with the above-captioned adversary proceeding.
4. The Committee shall not have the right to propound discovery requests, nor shall the Committee have the right to examine witnesses during depositions, hearings, or trial. Counsel for Defendants shall use reasonable and good faith efforts to confer with counsel for the Committee in advance of depositions, hearings, or trial, and shall allow counsel for the Committee an opportunity to suggest questions and arguments in advance of such depositions, hearings, or trial.
5. The Committee shall have the right to file briefs stating its positions, restricted to those issues already raised by the original parties in this adversary proceeding. The Committee may be heard at arguments concerning issues raised in this adversary proceeding if prior leave from this Court is granted with respect to that particular argument.
6. Without prejudice to any other rights the Committee holds, the Committee shall not be able to settle, oppose settlement, appeal settlement, or appeal a decision on any *269 cause of action in this case based on its status as an intervenor.
SO ORDERED.

All docket numbers in this opinion refer to filings in 17-AP-156 unless otherwise noted.

PROMESA § 310 provides that "[t]he Federal Rules of Bankruptcy Procedure shall apply to a case under this title and to all civil proceedings arising in or related to cases under this title." In turn, Federal Rule of Bankruptcy Procedure 7024 dictates that "Rule 24 F.R.Civ.P. applies in adversary proceedings."

As Section 1109(b) affords the Committee the right to intervene under Federal Rule of Civil Procedure 24(a)(1), this Court need not address the Committee's original additional Rule 24 arguments for intervention.